RECEIVED
JUL 20 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                               CRIMINAL NO. 01-50112-01
                                                          JUDGE TOM STAGG

FREDA ANN HOLMES EDMOND

## MEMORANDUM RULING

Before the court is Freda Ann Holmes Edmond's ("Edmond") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, along with a supplement in support of her motion to vacate. See Record Documents 62 and 66. Based on the following, Edmond's motion is **DENIED**.

## I. BACKGROUND

Between January 1, 2000, and April 15, 2000, Edmond was employed by Fast Tax, Inc., where she prepared 106 false income tax returns by aiding and assisting in the preparation and presentation to the Internal Revenue Service for various tax payers for the calendar tax year 1999. Edmond would fraudulently inflate the itemized deductions on Schedule A, which included medical and dental expenses,

charitable contributions, employee business expenses or other expenses, inflate the amount of federal income tax withheld, or inflate wage amounts to maximize the earned income credit. The IRS determined that the 106 tax returns which Edmond prepared sought refunds totaling $625,166.00. The fraudulent portions of these returns was $494,391.00. Edmond charged each of the taxpayers "fees" totaling $40,435.00, which were above and beyond the standard fees charged by her employer.

While on bond pending trial, the government filed a motion to revoke Edmond's bond based upon allegations that she continued to aid others in filing false tax returns. The magistrate judge found that there was probable cause that Edmond had violated the conditions of her pretrial release and revoked her bond.

On November 30, 2001, the grand jury returned an indictment charging Edmond with 106 counts of tax fraud, in violation of 18 U.S.C. § 7206(2). See Record Document 1. Pursuant to a written plea agreement, Edmond pleaded guilty to forty of the 106 counts of the indictment. At sentencing, the court determined that Edmond's offense level of 21 and criminal history category of II yielded a guideline sentencing range of 41-51 months of imprisonment, adopted all of the

findings of fact contained in the presentence report and then departed upward from the guideline range for the following reasons:

> The defendant has significant criminal history related to theft and fraud. Many of her prior convictions no longer received criminal history points due to their age. The Court used its authority to upward depart from the established guideline range.

Edmond was sentenced to 36 months on 17 counts, 36 months on 13 counts and 24 months on 10 counts, all counts running consecutively to each other, for a total of 96 months of imprisonment. Upon release from imprisonment, Edmond will be placed on supervised release for one year for all counts, to run concurrently.

On April 23, 2003, the United States Court of Appeals for the Fifth Circuit affirmed Edmond's sentence. See Record Document 58. On December 15, 2003, the clerk of court for this court filed into the record a letter from the United States Supreme Court to the Fifth Circuit, indicating that the petition for a writ of certiorari had been denied. See Record Document 59. On February 11, 2004, Edmond filed a "Motion For Sentence Departure And Sentence Reduction," which was denied by this court on February 23, 2004. See Record Documents 60 and 61.

## II. LAW AND ANALYSIS

The government argues that Edmond's section 2255 claims cannot be presently considered. "Challenging a conviction and sentence with a section 2255 motion is

fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). Edmond "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for [her] procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted).

To establish "cause," Edmond must show some external impediment prevented her from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, she must demonstrate substantial prejudice, such that the integrity of the entire proceeding is infected. See Shaid, 937 F.2d at 233. Further, she may not raise any non-constitutional errors in her section 2255 motion unless she establishes that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." Shaid, 937 F.2d at 232 (citation omitted).

4

Edmond has neglected to show cause for her failure to make her arguments on direct appeal or actual prejudice resulting from her error. Moreover, she has not established that the alleged errors would result in a complete miscarriage of justice, as she has failed to prove her actual innocence. See Flores, 981 F.2d at 236 (stating that without a colorable showing of factual innocence, a defendant fails to show a fundamental miscarriage of justice). However, in an abundance of caution, the court will proceed to the merits of her claims.

### A. Upward Departure.

Edmond asserts that this court erred in making an upward departure when she was sentenced. However, this claim was raised and rejected on direct appeal. As such, Edmond is barred from raising it on collateral review. See United States v. Webster, 392 F.3d 787, 791 (5th Cir. 2004) (citing United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986))("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."); United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997)); United States v. Mitchell, 263 F.3d 162 (5th Cir. 2001). Thus, this claim lacks merit.

## B. Determinations Of Acceptance Of Responsibility, Obstruction Of Justice And Concurrent Sentences.

Edmond next asserts that the court erred when it refused to give her credit for acceptance of responsibility, when it gave her points for obstruction of justice, and when it refused to order that her sentences run concurrently. However, a district court's technical application of the United States Sentencing Guidelines does not give rise to a constitutional issue cognizable under section 2255. See United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). The items about which Edmond complain do not implicate any constitutional issues. See Segler, 37 F.3d at 1134 (citing United States v. Faubion, 19 F.3d 226, 233 (5th Cir. 1994)). Moreover, these claims could have been (and it appears from the record that they were not) raised on direct appeal. See Vaughn, 955 F.2d at 368 (a nonconstitutional claim that could have been raised on direct appeal, but was not, may not be raised in a collateral proceeding). Accordingly, Edmond is not entitled to section 2255 relief as to these claims.

## C. Ineffective Assistance Of Counsel.

Ineffective assistance of counsel claims may generally be heard under a section 2255 motion. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996).

Edmond contends that she was denied effective assistance of counsel because of her counsel's failure to negotiate with the government for a two point reduction for acceptance of responsibility. She further asserts that her attorney failed to explain a plea offer from the government which would have resulted in a sentence of three to five years of imprisonment. Finally, Edmond alleges that her attorney failed to inform her that she would be sentenced pursuant to the United States Sentencing Guidelines. As will be discussed below, all of these claims lack merit.

To prevail on a claim of ineffective assistance of counsel, Edmond must prove (1) that her counsel's actions fell below an objective standard of reasonableness and (2) that her counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The two prongs of the Strickland test need not be analyzed in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 173 n.6 (5th Cir. 1997); Murray, 736 F.2d at 282. Further, if Edmond fails to establish either prong of the Strickland test, then her claim of ineffective assistance of counsel must fail. See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997); Bryant, 28 F.3d at 1415; Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

As mentioned, Edmond first asserts that her counsel failed to negotiate with the government for a two point reduction for acceptance of responsibility. However, this argument plainly lacks merit, as it is the court, not the government, who determines whether the defendant receives this reduction. Clearly, Edmond's counsel was not ineffective for failing to "negotiate" this term with the government, as she was not capable of so doing.

Edmond next argues that her attorney failed to inform her of a potential plea agreement with the government that would have limited her sentence to three to five years; however, she has failed to support this contention. As the plea agreement and plea colloquy provide, the government did not promise Edmond a specific sentence, nor is there any evidence that the government extended such an offer. Edmond's allegations are contrary to the documents she signed at the time of the plea agreement and are contrary to the statements she made under oath. Documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994). Edmond has not presented any evidence to refute the documents she signed. In fact, the documents she signed at the time of her guilty plea indicate that she had fully contemplated her decision to plead guilty. The plea agreement signed by Edmond at the time of the plea, which is entitled to "great evidentiary weight," provides that she entered into the agreement "freely, knowingly, and voluntarily with no threats or coercion, after due consultation with her attorney." Record Document 38 at 9. The plea agreement also states that there is "no other agreement, written, oral or implied." Id. She has presented *no* evidence to contradict these statements.

Finally, Edmond's claim that her attorney failed to inform her that she would be sentenced pursuant to the United States Sentencing Guidelines is similarly contradicted by the record as evidenced by her statements made under oath and the documents that she signed. The plea agreement Edmond signed clearly provides that she "acknowledges and understands that this case is governed by the Sentencing Reform Act and has discussed the Sentencing Guidelines and their applicability with [her] counsel." Record Document 38 at 5.

Edmond has not provided the court with any other evidence to support any of her allegations. Likewise, there is simply nothing in the record to carry her contentions. The Fifth Circuit has stated:

> Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in [her] pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. We are thus bound to re-emphasize that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.

Ross v. Estelle, 694 F.2d 1008, 1011-1012 (5th Cir. 1983) (citations omitted). The plea agreement that Edmond signed states, in pertinent part:

> Defendant acknowledges that Defendant's attorney has advised Defendant of the nature of her charges, her rights under the Constitution and laws of the United States, possible defenses to the charge, various provisions of the

> Sentencing Guidelines and the nature and range of possible sentences. Defendant has read each page of this Plea Agreement and carefully reviewed every part of it with counsel. Defendant declares her satisfaction with the representation and advice given Defendant by her attorney. Defendant agrees that this resolution of the case is in her long term best interest. Defendant further states that this Plea Agreement is entered into freely, knowingly, and voluntarily with no threats or coercion, by anyone; and after due consultation with Defendant's attorney.

Record Document 38 at 9.

Edmond simply has failed to satisfy either prong of the <u>Strickland</u> test. As to cause, she has neglected to present any evidence to overcome the presumption that her attorney's actions were encompassed within the wide range of reasonable competence. As to prejudice, she has presented no evidence establishing that her attorney's actions, which the court has found reasonable, were so serious as to render the proceedings unreliable and fundamentally unfair. Accordingly, Edmond's ineffective assistance of counsel claims are without merit.

### D. Rehabilitation.

Edmond next asserts that she is entitled to a reduction in her sentence because she has undergone rehabilitation. Edmond has failed to supply the court with any applicable legal support entitling her to a sentence reduction based solely on her

11

rehabilitative efforts occurring after her sentencing where the court has no independent legal basis for resentencing her. Other courts have addressed the type of argument presented by Edmond in collateral proceedings and have rejected it. See United States v. Murphy, 229 F.3d 1145 (4th Cir. 2000); United States v. Watson, No. 00-293, 2000 WL 1840080, at *2 (D. Me. Dec. 14, 2000); Zeledon v. United States, No. 00-0495, 2001 WL 770985, at *3 (N.D. Tex. Jul. 3, 2001). In the absence of some other basis for resentencing, this court cannot consider post-sentencing rehabilitation, standing alone, as a basis for relief under section 2255. See Cruz v. United States, No. S11-94, 2000 WL 1510079, at *9 (S.D.N.Y. Oct. 10, 2000); United States v. Dugan, 57 F.Supp.2d 1207, 1209 (D. Kan. 1999). Thus, Edmond's request to reduce her sentence for her accomplishments in prison, however laudable, must be denied since there is no independent basis for invalidating her conviction or sentence. See Dugan, 57 F.Supp.2d at 1209. Furthermore, post-sentence rehabilitation would not provide a basis for relief under section 2255, because such rehabilitation does not constitute ground for collateral attack on a defendant's sentence. See United States v. Rudolph, 190 F.3d 720, 727 (6th Cir. 1999).

### E. Sentencing.

Finally, Edmond urges that this court violated her Sixth Amendment rights "in that the court had to make "additional factual findings beyond those admitted [] at the guilty plea." Record Document 62. Edmond argues that her sentence violated her Sixth Amendment right to have a jury decide the facts which lengthened her sentence, referring this court to the United States Supreme Court cases of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000) and Blakely v. Washington, --- U.S.---, 124 S. Ct. 2531 (2004).

Since Edmond filed her motion, the Supreme Court rendered another important decision in United States v. Booker, --- U.S. ---, 125 S. Ct. 738, 750, 764 (2005). In Booker, the Court held that the United States Sentencing Guidelines, as implemented, violate the Sixth Amendment. See id. The Court went on to excise the portions of the statute which operated to make the Sentencing Guidelines mandatory, thereby bringing the guidelines back in line with the Sixth Amendment. See id. However, the Court also noted that its decision would only apply to those cases on direct review.[1] Id. at 745. As Edmond's case is no longer on direct

---

[1]Although the Fifth Circuit has yet to explicitly acknowledge this, many other circuits that have considered the retroactivity question have held that Booker is not retroactive. See Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005);

13

review, Booker is not applicable. In addition, the United States Court of Appeals for the Fifth Circuit has rendered a decision interpreting the Booker decision and its effect on the sentencing process in the Fifth Circuit. In United States v. Mares, the Fifth Circuit Court of Appeals held that judicial fact-finding is permissible. See United States v. Mares, 402 F.3d 511 (5th Cir. 2005). The court explained that, "[t]he Guideline range should be determined in the same manner as before Booker/Fanfan." Id. at 519. The court went on to hold that, "Booker contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." Id. (citing Booker, 125 S. Ct. at 750, 764). It is clear that in spite of Booker, this court was free to consider aggravating factors without violating Edmond's Sixth Amendment rights. Her argument that a judge acting alone cannot increase her sentence is without merit.

Additionally, Edmond's motion must be denied because Apprendi is not applicable on the merits of her case. Even though some of the considerations taken

---

McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam); Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005).

14

into account and upon which she was ultimately sentenced were not proved to a jury beyond a reasonable doubt, the resultant guideline range did not increase her sentence beyond the prescribed statutory maximum for the offense. The Supreme Court's decision in Apprendi was specifically limited to facts that increase the penalty beyond the prescribed statutory maximum. See id. at 2362-63. Accordingly, unless a defendant's sentence is increased beyond the statutory maximum penalty for a given offense, Apprendi simply does not apply. See United States v. Salazar-Flores, 238 F.3d 672, 673 (5th Cir. 2001).

## III. CONCLUSION

Edmond's various complaints regarding her sentencing, ineffective assistance of counsel, rehabilitation and Sixth Amendment violation claims under section 2255 fail. Therefore, her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 62 and 66) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 19th day of July, 2005.

JUDGE TOM STAGG